COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-334-CR
 
  
WESLEY 
RAY WALKER                                                          APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant, 
Wesley Ray Walker, was found guilty by a jury of first degree murder on May 4, 
1995. On July 9, 2003, Appellant filed a motion for forensic DNA testing 
pursuant to chapter 64 of the Texas Code of Criminal Procedure. After Appellant 
was appointed counsel, the trial court denied Appellant’s motion. In one 
point, Appellant argues that the trial court erred by denying his request for 
forensic testing. We affirm.
        In 
reviewing the trial court’s denial of Appellant’s request for forensic 
testing, we use a bifurcated standard of review. Rivera v. State, 89 
S.W.2d 55, 59 (Tex. Crim. App. 2002). We afford almost total deference to the 
trial court's determination of issues of historical fact and 
application-of-law-to-fact issues that turn on credibility and demeanor, while 
we review de novo other application-of-law-to-fact issues. Id. The 
ultimate question of whether a reasonable probability exists that exculpatory 
DNA tests would prove innocence is an application-of-law-to-fact question that 
does not turn on credibility and demeanor and is therefore reviewed de novo. Id.
        Texas 
Code of Criminal Procedure article 64.03 sets forth the requirements for 
forensic DNA testing:
(a) 
A convicting court may order forensic DNA testing under this chapter only if:
 
(1) 
the court finds that:
 
(A) 
the evidence:
 
(i) 
still exists and is in a condition making DNA testing possible; and
 
(ii) 
has been subjected to a chain of custody sufficient to establish that it has not 
been substituted, tampered with, replaced, or altered in any material respect; 
and
 
(B) 
identity was or is an issue in the case; and
 
(2) 
the convicted person establishes by a preponderance of the evidence that:
 
(A) 
the person would not have been convicted if exculpatory results had been 
obtained through DNA testing; and
 
(B) 
the request for the proposed DNA testing is not made to unreasonably delay the 
execution of sentence or administration of justice.

Tex. Code Crim. Proc. Ann. art. 64.03(a) 
(Vernon Supp. 2004-05).
        In 
his motion filed in the trial court, Appellant requested that clothing be 
subjected to DNA testing, contending that this would demonstrate that the gun 
used in the offense had discharged inside Appellant’s clothing. Appellant 
argued that evidence that the gun had discharged inside his clothing would 
support his defense that the shooting was an accident and would exonerate him.
        In 
its findings of fact, the trial court found that (1) Appellant was “asking for 
the clothing to be tested for gun powder residue,” (2) Appellant admitted 
shooting the deceased, and (3) his defense was that the shooting was an 
accident. In its conclusions of law, the trial court concluded that 
“[i]dentity is not an issue in this case” and that Appellant “has not 
proven by a preponderance of the evidence that there exists a reasonable 
probability that he would not have been convicted had the DNA testing been 
done.”
        Although 
Appellant’s sole complaint on appeal is that the trial court improperly found 
that he was only requesting testing for gun powder residue, that argument is 
irrelevant. Before a court may order DNA testing, it must find, among other 
things, that identity was or is an issue. See Tex. Code Crim. Proc. Ann. art. 
64.03(a)(1)(B). As the trial court found, Appellant admitted shooting the 
deceased, claiming only that the shooting was accidental. Therefore, identity 
was not an issue in this case. See Bell v. State, 90 S.W.3d 301, 308 
(Tex. Crim. App. 2002) (stating that identity was not an issue because appellant 
confessed to the murder). Thus, Appellant was not entitled to forensic DNA 
testing. Accordingly, we affirm the trial court’s denial of Appellant’s 
motion.
                                                          PER 
CURIAM
 
PANEL 
F:   CAYCE, C.J.; GARDNER and MCCOY, JJ.

DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: 
August 25, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.